UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------X

BIANCA NIEVES,

                                          Plaintiff,

    -against-

REDDIT INC.,

                                          Defendant.

-----------------------------------------------------------------------------------X

**Docket No.:** 1:23-cv-04817

**NOTICE OF REMOVAL**

Removed from:

Supreme Court of the State of
New York, County of New York
(Index No. 153270/2023)

**PLEASE TAKE NOTICE** that Defendant Reddit Inc. ("Reddit" or "Defendant") hereby removes the state court action described herein, filed by Plaintiff Bianca Nieves ("Plaintiff") in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332(a) and (c), 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

### I. STATE COURT ACTION

1. On April 10, 2023, Plaintiff filed a Complaint against Defendant in the Supreme Court of the State of New York, County of New York, captioned *Bianca Nieves, Plaintiff v. Reddit Inc., Defendant,* designated Index No. 153270/2023 (the "State Court Action").

2. The Complaint in the State Court Action sets forth Plaintiff's causes of action for employment discrimination and retaliation under the New York City Human Rights Law (New York City Administrative Code §8-107). Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint are collectively annexed hereto as **Exhibit A.**

3. On May 8, 2023, Plaintiff served the Summons and Complaint. *See* Declaration of Sedric Bailey ("Bailey Decl."), annexed hereto as **Exhibit B,** at ¶ 4.

### II. TIMELINESS OF REMOVAL

4. The Summons and Complaint were personally served on May 8, 2023. *See* Bailey

Decl. at ¶ 4.

5. Removal is timely under 28 U.S.C. § 1446(b), as this Notice of Removal is being filed within thirty (30) days of Plaintiff's service upon Defendant.

### III. GROUNDS FOR REMOVAL

6. The State Court Action may be removed to federal court under 28 U.S.C. § 1332(a)(1) because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other hand; and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs. This action meets both these requirements.

**A.   Diversity Jurisdiction Based on Citizens of Different States**

7. At the time Plaintiff filed her Complaint, Plaintiff purports to be a resident of the State of New York. *See* Exhibit A, Compl. at ¶ 6.

8. For diversity jurisdiction purposes, a corporation such as Reddit is deemed a citizen of the State it is incorporated in, and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (*internal citations omitted*).

9. Reddit is and was at the time Plaintiff filed the State Court Action, incorporated in the State of Delaware, with its corporate headquarters in San Francisco, California. *See* Bailey Decl. at ¶¶ 5,6.

10. Reddit's officers direct, control, and coordinate the company's activities in San Francisco, California, where its executive, administrative, financial, and management functions

2

are concentrated. *Id* at ¶ 6.

11. Therefore, for purposes of determining diversity jurisdiction, Defendant Reddit is a citizen of the states of Delaware and California.

12. Consequently, complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Reddit are citizens of different states.

**B.   Amount in Controversy**

13. The matter in controversy in the State Court Action exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a).

14. The burden of proving jurisdiction is "hardly onerous" and there is a "rebuttable[] presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Mehmet v. Gautier*, No. 18-CV-9090 (VSB), 2019 U.S. Dist. LEXIS 170184, at *9, 2019 WL 4805859, at *3 (S.D.N.Y. Sept. 30, 2019) (*citing Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 397 (2d Cir. 2003); *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).

15. Indeed, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Furthermore, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89; *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 7 (S.D.N.Y. 2021).

16. Although Plaintiff's Complaint does not specify the precise amount of damages sought, the allegations contained within the Complaint indicate that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs.

17. In the Complaint, Plaintiff brings claims for sex, race, and national origin

discrimination, and retaliation under the New York City Administrative Code. *See* Exhibit A.

18. Based on the allegations in her Complaint, Plaintiff is seeking damages that include, "lost wages," "compensatory damages, including but not limited to damages for emotional distress," "punitive damages," and "attorneys' fees, costs, and expenses." *See id.* at pp. 6-7.

19. Jury verdicts in cases involving claims of discrimination and retaliation are regularly well in excess of the amount in controversy threshold. *See, e.g., Rosario v. Vill. of Sleepy Hollow;* 2020 JURY VERDICTS LEXIS 429397 (S.D.N.Y. 2020) (police officer awarded $250,000 on racial and national origin discrimination and retaliation claims); *Aboubaker v. Washtenaw County*, 2014 Jury Verdicts LEXIS 2340 (E.D.N.Y. 2014) (maintenance technician alleging race, national origin and religious discrimination, and retaliation awarded $614,028.97 for future wages and fringe benefits; $321,490.13 for wages and fringe benefits he would have earned in inspector position he was denied; $250,000 for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses; and $1 in punitive damages); *Tse v. UBS Financial Services Inc,* 2007 Mealey's Jury Verdicts & Settlements 3536 (S.D.N.Y. 2007) (stockbroker awarded $500,000 in economic damages for gender discrimination; $56,000 for pain and suffering; and $3 million for punitive damages); *Skold v. American International Group, Inc*, 1998 Mealey's Jury Verdicts & Settlements 236 (S.D.N.Y. 1998) (employee awarded $125,000 for retaliation claim stemming from report of discrimination); *Fernandez v. North Shore Orthopedic Surgery & Sports Medicine, P.C.,* 1999 Mealey's Jury Verdicts & Settlements 160 (E.D.N.Y. 1999) (an X-ray technician awarded $100,000 in back pay, $160,000 in front pay, and $100,000 in punitive damages on national origin discrimination claims); *Uwechia v. City of New York, NYC Dept. of Juvenile Justice*, 2015 Jury Verdicts LEXIS 5870 (Sup. Ct., N.Y. Cnty. 2015) (New York City entered a settlement agreement agreeing to pay

Department of Juvenile Justice employer $650,000 to settle race, national origin and disability discrimination and retaliation claims); *Jattan v. Queens College of the City Univ. of NY*, 2005 Jury Verdicts LEXIS 45282 (Sup. Ct., Qns. Cnty. 2005) (an accountant was awarded $325,000 in back pay for claims of racial, religious, and national origin discrimination and retaliation). *See also Lore v. City of Syracuse,* 670 F.3d 127, 178 (2d Cir. 2012) ("[T]he passage of time since the cited cases were decided could reasonably support higher verdicts.")

20. Plaintiff claims Defendant's allegedly wrongful conduct caused her to lose "significant compensation and incur[] severe emotional distress." *See* Exhibit A at ¶ 21.

21. Courts have explained that claims of severe emotional distress, as Plaintiff claims, could exceed well beyond $100,000. *See Lore*, 670 F.3d at 177-78. Indeed, awards of emotional distress damages are often in the range of $125,000 to $200,000 where the plaintiff claims mental anguish without medical evidence or professional treatment. *See Monette v. Cnty. of Nassau,* No. 11-CV-539 (JFB) (AKT), 2015 U.S. Dist. LEXIS 42523, at *64, 2015 WL 1469982, at *20-21 (E.D.N.Y Mar. 31, 2015) (*collecting cases*).

22. Plaintiff also seeks attorneys' fees. *See* Exhibit A at pp. 6-7.

23. "The New York City Human Rights Law permits the 'prevailing party' to recover reasonable attorney's fees . . . and other costs." *Tulino v. City of N.Y.,* No. 15-cv-7106 (JSR), 2019 U.S. Dist. LEXIS 137523, at *19 (S.D.N.Y. Aug. 1, 2019) (*quoting* N.Y.C. Admin. Code § 8-502(g)). And attorney's fees can be considered as part of the amount in controversy where they are anticipated or awarded in the governing statute. *See Fields v. Sony Corp. of Am.*, No. 13 CIV. 6520 GBD, 2014 U.S. Dist. LEXIS 109249, at *7, 2014 WL 3877431, at *2 (S.D.N.Y. Aug. 4, 2014).

24. Based on the allegations of damages in the Complaint, including the claimed loss

of income and/or compensation and severe emotional distress, under 28 U.S.C. § 1446(c)(2), the amount in controversy exceeds the jurisdictional threshold of $75,000. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV. REMOVAL TO THIS COURT IS PROPER

25. Removal to this Court is proper as the United States District Court for the Southern District of New York is the District Court of the United States within which Plaintiff's State Court Action is currently pending. *See* 28 U.S.C. §§ 112, 1441(a), 1446(a).

26. The Notice of Removal is being filed in the United States District Court for the Southern District of New York within thirty (30) days of the date upon which any properly joined defendant was served with the Summons and Complaint, as required by 28 U.S.C. § 1446. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, which shall effectuate the removal and cause the state court to proceed no further unless and until the case is remanded.

## V. NOTICE TO PLAINTIFF AND THE STATE COURT

27. Promptly after filing the Notice of Removal, written notice of this removal shall be given to Plaintiff's counsel, GISKAN, SOLOTAROFF & ANDERSON LLP, pursuant to 28 U.S.C. § 1446(d).

28. By filing this Notice of Removal, Defendant does not waive any objection that it may have as to service, jurisdiction, venue, or any other defenses available to it at law, in equity, or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

29. If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant

an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

30. As required by 28 USC § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## VI. RELIEF REQUESTED

Defendant respectfully requests that the Court accept this Notice of Removal removing the State Court Action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the State Court Action to this Court, and grant Defendant such other and further relief as the Court deems just and proper.

**WHEREFORE,** Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Date:   June 7, 2023
        Melville, New York

/s/ *Kimberly Dobson*
Kimberly Dobson
Vernée C. Pelage
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY 11747
631.247.4700

*Attorneys for Defendant*