**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------------X

BIANCA NIEVES,                                                         **Docket  No.: 23-cv-04817**

                                        Plaintiff,                    **ANSWER TO**
                                                                      **VERIFIED**
                -against-                                              **COMPLAINT**

REDDIT INC.,

                                        Defendant.
-------------------------------------------------------------------------------X

     Defendant REDDIT INC. (hereinafter "Reddit" or "Defendant"), by and through its
attorneys, Littler Mendelson, P.C., answer Plaintiff BIANCA NIEVES' Complaint as follows:

### As To "Preliminary Statement"

     1.    Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except
admits that Plaintiff purports to proceed as set forth therein.

     2.    Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except
admits that Plaintiff was employed as a Senior Brand Partner II and denies knowledge or
information sufficient to form a belief as to the truth or falsity of whether Plaintiff "is a Latina
woman."

     3.    Defendant denies the allegations set forth in Paragraph "3" of the Complaint.

     4.    Defendant denies the allegations set forth in Paragraph "4" of the Complaint, except
admits that Plaintiff was not placed on a performance improvement plan and that she was
terminated on or about August 23, 2022.

     5.    Defendant denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations set forth in Paragraph "5" of the Complaint, except denies any
implication of wrongdoing on behalf of Defendant.

1

**AS TO "THE PARTIES"**

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "6" of the Complaint, except admits that Plaintiff purports to be a Latina woman residing in New York, New York.

7.    Defendant admits the allegations set forth in Paragraph "7" of the Complaint.

**AS TO "VENUE AND JURISDICTION"**

8.    Paragraph "8" contains a legal conclusion to which no response is required. To the extent Paragraph "8" contains any allegations of fact, Defendant denies the allegations set forth in Paragraph "8" of the Complaint, and affirmatively states that the District Court has proper jurisdiction.

9.    Paragraph "9" contains a legal conclusion to which no response is required. To the extent Paragraph "9" contains any allegations of fact, Defendant denies the allegations set forth in Paragraph "9" of the Complaint except admits that Plaintiff previously worked for Defendant within New York State and Defendant conducts business within New York State.

**AS TO "FACTS"**

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "10" of the Complaint, except admits that Plaintiff was hired in December 2019.

11.    Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12.    Defendant denies the allegations set forth in Paragraph "12" of the Complaint, except admits that while Mr. Fernandez was out of the office due to paternity leave, Plaintiff reported directly to Mr. Krugh.

13.    Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

2

14.     Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15.     Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16.     Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph "18" of the Complaint, except admits that Plaintiff had 1:1 meetings with Mr. Fernandez.

19.     Defendant denies the allegations set forth in Paragraph "19" of the Complaint, except admits that Plaintiff was not placed on a performance improvement plan and that she was terminated on or about August 23, 2022.

20.     Defendant denies the allegations set forth in Paragraph "20" of the Complaint, except admits Plaintiff's counsel communicated with Sedric D. Bailey, Esq. regarding Plaintiff's termination.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of the Complaint, except denies any implication of wrong doing on behalf of Defendant.

### AS TO "FIRST CLAIM FOR RELIEF
### (Discrimination in Violation of New York City Human Rights Law)"

22.     Defendant repeats and realleges its responses to Paragraphs "1" through "21" of the Complaint as if fully set forth herein.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

### AS TO "SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of New York City Human Rights Law)"

24.     Defendant repeats and realleges its responses to Paragraphs "1" through "23" of the Complaint as if fully set forth herein.

3

25.     Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

## AS TO THE "WHEREFORE" CLAUSE

The "WHEREFORE" clause of the Complaint states a prayer for relief to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in the "WHEREFORE" clause, including subsections 1-5, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein including, but not limited to, the unnumbered headings in the Complaint and all assertions not specifically numbered in the Complaint or responded to directly herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without admitting any allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendant bears the burden of proof on any issue for which it would not otherwise bear such burden.

1.      The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent she asserts claims for conduct that occurred beyond the applicable statute of limitations periods.

3.      Plaintiff's claims are barred to the extent that Plaintiff failed to satisfy administrative, statutory and/or jurisdictional prerequisites prior to filing suit.

4.      Plaintiff's claims are barred to the extent her claims exceed the scope of any administrative charge filed.

4

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel and/or laches.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendant.

7.      Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and harassment and to comply with the applicable anti-discrimination, anti-harassment and anti-retaliation laws.

8.      Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory, harassing or retaliatory behavior, including, but not limited to, establishing a complaint policy and procedure, the substance of which was distributed and made available to all employees, which policy and procedure allows employees to make complaints and to seek appropriate redress. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid her alleged harm.

9.      Defendant's decisions and actions, or failures to act, if any, regarding Plaintiff were not discriminatory but were justified by legitimate, non-discriminatory, and non-retaliatory reasons and based on factors other than Plaintiff's sex, race, color or any other protected category or activity.

10.     Plaintiff was treated in a manner consistent with similarly-situated employees, without regard to her sex, race, color or any other protected category or activity.

11.     Defendant cannot be held liable for actions allegedly committed by former or current employees that are outside the scope of their employment with Defendant.

12.     Plaintiff's claims are barred to the extent she has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any. Should the Court

determine that Defendant is liable to Plaintiff for damages, which Defendant denies, Defendant is entitled to an offset to the extent of any mitigation by Plaintiff.

13.     Defendant did not intentionally or negligently cause Plaintiff's purported emotional distress.

14.     If Plaintiff purports to allege claims for physical or mental emotional distress, pain or suffering, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of New York Workers' Compensation laws.

15.     Plaintiff is not entitled to exemplary or punitive damages because at no time did Defendant engage in any discriminatory, harassing or retaliatory practices with reckless indifference to Plaintiff's rights.

16.     Plaintiff is not entitled to recover punitive damages because Defendant's actions were lawful, taken in good faith and thus, no willful violation of the New York State or City Human Rights Law, or any other federal, state, or local law, occurred.

17.     To the extent Plaintiff engaged in conduct, which if known to Defendant would result in the termination of her employment, Plaintiff's entitlement to damages is barred, in whole or in part, by the after-acquired evidence doctrine.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, in its entirety on the merits and with prejudice, deny Plaintiff's demands and prayer for relief, award Defendant its costs and reasonable attorney fees

incurred in defending this action and grant such other and further relief to which Defendant may

be equitably, justly or legally entitled.

Dated: Melville, New York
       June 14, 2023

/s/ Kimberly N. Dobson
Kimberly N. Dobson
Vernée C. Pelage
**LITTLER MENDELSON, P.C.**
290 Broadhollow Road, Suite 305
Melville, NY  11747
631.247.4700
kdobson@littler.com
vpelage@littler.com

*Attorneys for Defendant*